# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## IN RE: ESTATE OF LEE AUGUSTUS GRIMMIG

**Direct Appeal from the Probate  Court for Shelby County**
**No. D12086        Karen D. Webster, Judge**

_____

**No. W2012-01626-COA-R3-CV - Filed December 19, 2012**

_____

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Edward Thomas Autry, Memphis, Tennessee, for the appellants, John Paul Grimmig and Mariann Steffens.

John D. Horne, Memphis, Tennessee, for the appellees, Anna Sabina Safarik and Charlotte Grimmig Smith.

## MEMORANDUM OPINION[1]

Initially, Appellant John Paul Grimmig filed a pleading styled "Petition to Produce Original Will and Injunctive Relief to Prohibit Sale of Decedent's Personal Effects" in the Probate Court of Shelby County, Tennessee on June 24, 2011.  On December 8, 2011, Appellant John Paul Grimmig filed a petition for probate of the will of the decedent, Lee Augustus Grimmig, and granting of letters testamentary.  The trial court appointed an interim Administrator CTA by order entered on December 21, 2011, and on December 29, 2011, Mr.

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Grimmig filed a complaint for damages due to breach of fiduciary duty, asserting that the decedent had failed to properly preserve trust property in which Mr. Grimmig had an interest. The complaint named the interim administrator as defendant.

Also on December 29, 2011, both Appellant John Paul Grimmig and Appellant Mariann Steffen filed verified claims against the estate. The trial court entered an order on January 13, 2012, naming Appellees Charlotte Grimmig Smith and Anna Sabina Safarik as co-executors and discharging the interim Administrator CTA. The Co-Executors filed exceptions to Appellants' claims on February 8, 2012. Appellants responded by filing motions to dismiss the exceptions on February 20, 2012.

The trial court conducted a consolidated hearing on the motions to dismiss on April 4, 2012, then adjourned the hearing until May 23, 2012. On May 23, 2012, the trial court issued its oral findings of fact and conclusions of law, denying the motions to dismiss the exceptions to the claims, but finding that the claims and exceptions should be decided upon the merits. The trial court entered the order reflecting its ruling on June 12, 2012. Appellants filed a Notice of Appeal on July 12, 2012, indicating that they appealed the trial court's order of June 12, 2012.

The appellate record was transmitted to this Court and pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, it appeared to the Court that it does not have jurisdiction. Although the order appealed recites that "[t]his judgment shall be entered as a final and appealable judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure", the order does not contain the "magic language" of Rule 54.02 that "there is no just reason for delay." *See* T.R.C.P. 54.02. Even if the trial court's order had contained the "magic language" of Rule 54.02, however, it appears that a final judgment was improvidently granted. Specifically, the order appealed denied the separate motions of Appellant John Paul Grimmig and Appellant Mariann Steffens seeking dismissal of the Appellee Co-Executors Exceptions to their claims. Thus, the Claims and the Exceptions to the Claims were pending at the time the order was entered and in fact, the order recites that the "Claims and the Exceptions thereto shall be decided by the Court on the merits at the hearing presently scheduled for June 12, 2012." The order appealed, therefore, does not adjudicate any of the claims between these parties.

By Order entered on September 19, 2012, this Court directed Appellants to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Our Order of September 19, 2012, also provided "[i]n the event that Appellants do not obtain entry of a final judgment within the time provided herein, Appellants shall have fifteen (15) days from the entry of this Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Failure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order of September 19, 2012, to Appellants' counsel by certified mail, return receipt requested. On October 16, 2012, the Clerk received the return receipt indicating that Appellants' counsel received the mail parcel on September 20, 2012. As of this date, however, the Clerk of this Court has not received a supplemental record containing a final judgment for this matter and Appellants have not otherwise responded to our Order of September 19, 2012.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See* ***Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed in this matter is not a final judgment and therefore, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellants, John Paul Grimmig and Mariann Steffens, and the surety for which execution may issue if necessary.

**PER CURIAM**